8197

WINDHAM v. HOWELL.

REAL PROPERTY—RENTS.—Where the evidence shows that a husband and wife went into possession of land under claim in the wife, the occupancy will be referred to her claim and she will be held liable for the rents, but where the evidence is that the husband went into possession and took the rents and profits of land in which his wife had an interest he will be held liable for rents.

Before DEVORE, J., Darlington, January, 1910. Affirmed.

Action by A. H. Windham *et al.* against George C. Howell *et al.*   Plaintiffs appeal.

*Messrs. Geo. W. Brown* and *R. W. Shand,* for appellants. *Mr. Shand* cites: *Allegation of sole ownership in one tenant amounts to ouster of others:* Freem. on Co. & P., secs. 235, 236, 238; Cowp. 217.   *The ousting tenant is liable for rent:* 17 Ency. 694; 1 Hill Ch. 86; 14 S. C. 307; 16 S. C. 479. *Admissions by pleading cannot be upset by evidence:* 31 S. C. 340; 36 S. C. 400; 40 S. C. 100, 455; 8 Rich. 117.

*Mr. E. O. Woods,* contra.   No citations.

April 29, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action, which has resulted
in a partition of the land described in the complaint between
Lula Windham and Louisiana Howell, as life tenants, the
sole question now before the Court is whether the rents
fixed by the master shall be charged against Louisiana
Howell or her husband, George C. Howell.   The master
and the Circuit Judge concurred in finding that George C.
Howell, and not his wife, had held the possession and was
responsible for the rents and profits.   The complaint
alleged: "That the said G. C. Howell and Louisiana Howell,
his wife, are in possession of said tract of land, pretensively
claiming the same under deed from Eliza J. Windham, and
receiving the rents and profits since the death of Eliza J.
Windham, which are reasonably worth three hundred
dollars per annum."   The answer denied this allegation,
along with several other averments of the complaint, but
alleged that Louisiana Howell was the owner in fee of the
land under a conveyance from Eliza J. Windham.

If the proof had shown that George C. Howell and his
wife, Louisiana Howell, entered and held the entire tract
under the deed from Eliza Windham to Louisiana Howell,
or under the claim of cotenancy with Lula Windham, then
it would have followed, under the authority of *Sibley* v.
*Sibley,* 88 S. C. 104, that the occupancy should be referred
to the wife's claim and she would be responsible for rents;
and, subject to the mortgages given by her, the Court should
have provided for an adjustment of the rents with her
cotenant before allowing her to have her portion of the
land. *Vaughn* v. *Langford,* 81 S. C. 282, 62 S. E. 316.
But the answer does not admit possession of either George
C. Howell or Louisiana Howell, and the evidence adduced
was that George C. Howell himself was in possession and
had taken the benefit of the rents and profits.   It may be
that the witnesses, in speaking of the possession of George
C. Howell, meant a possession taken by him as the agent of
his wife, under her claim of ownership, but we have tried

in vain to find anything in the evidence which would warrant us in saying so. To say the least of it, the evidence does not preponderate against the conclusions of the master and the Circuit Judge.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.